UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
INTERNATIONAL ASSOCIATION OF HEAT
and FROST INSULATORS and ALLIED
WORKERS LOCAL UNION NO. 12A and
TRUSTEES OF LOCAL 12A HEALTH AND ANNUITY FUNDS,

**13 CV 8976**

JUDGE PAULEY

Plaintiffs,

**COMPLAINT**

-against-

TOPLINE CONTRACTING, INC.

Defendant.
-------------------------------------------------------------------------X

Plaintiffs, INTERNATIONAL ASSOCIATION OF HEAT and FROST

INSULATORS and ALLIED WORKERS LOCAL UNION NO. 12A (the "UNION" or "LOCAL

12A") and the TRUSTEES OF LOCAL 12A HEALTH AND ANNUITY FUNDS (the

"FUNDS") by their attorneys, KOEHLER & ISAACS, LLP, as and for their Complaint,

respectfully allege as follows:

## NATURE OF THE ACTION AND JURISDICTION

1.      The FUNDS and UNION bring this civil action, *inter alia*, pursuant to

sections 502(a)(3) and 515 of the Employee Retirement Income Securities Act, 29 U.S.C.

§§1132(a)(3),1145 ("ERISA"), as amended, and section 301 of the Labor-Management Relations

Act (the "Taft-Hartley Act") for injunctive and other equitable relief and for breach of contract to

secure defendant's performance of specific statutory and contractual obligations to pay and/or

submit the required monetary contributions and/or reports to the plaintiffs.  This complaint

alleges that, by failing, refusing or neglecting to pay and/or submit the required monetary

contributions and/or reports to the plaintiffs, TOPLINE CONTRACTING, INC. "Defendant") violated the respective trust agreement, collective bargaining agreement and/or ERISA.

    2.    Jurisdiction of this Court is invoked under the following statutes:

    (a)    Section 502(e)(1) and (f) of ERISA (29 U.S.C. §§ 1132(e)(1) and (f));

    (b)    Section 515 of ERISA (29 U.S.C. § 1145);

    (c)    Section 301 of the Taft-Hartley Act (29 U.S.C. § 185);

    (d)    28 U.S.C. § 1331 (federal question);

    (e)    28 U.S.C. § 1337 (civil actions arising under an Act of Congress regulating commerce); and

    (f)    principles of pendent jurisdiction.

    3.    Venue properly lies in the Southern District of New York under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

    4.    Pursuant to section 502(e)(2) of ERISA, service of process may be made in any district in which a party may be found.  29 U.S.C. § 1132(e)(2).

## PARTIES

    5.    Plaintiff, UNION, was and is a labor organization under section 301 of the Taft-Hartley Act.  29 U.S.C. § 185.

    6.    Plaintiff, FUNDS, are, at all relevant times, fiduciaries, under section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), of employee welfare benefit plans and employee pension benefit plans as defined in ERISA sections 3(1) and (2), 29 U.S.C. §§ 1002(1) and (2), are established and maintained jointly by employers and by a labor organization representing

employees in an industry affecting commerce, and, further, qualify as multi-employer plans within the meaning of section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), with its principal offices located c/o Daniel H. Cook Associates, Third Party Fund Administrator, 253 W. 35th Street, 12th Floor, New York, New York 10001.

7.      Under section 502(d) of ERISA, the FUNDS are authorized to maintain suit as independent legal entities. 29 U.S.C. § 1132(d)(1). The FUNDS' purpose is to provide various fringe benefits to eligible employees on whose behalf a defendant-employer contributes to the FUNDS pursuant to the collective bargaining agreement ("CBA" or "Agreement") between the UNION and the employer.

8.      Upon information and belief, defendant is and was, at all relevant times, a for-profit New York corporation doing business pursuant to the laws of the State of New York with its principal offices located at 246 Siegel Street, Brooklyn, NY 11206.

9.      Defendant is and was, at all relevant times, engaged in an industry affecting commerce and is an "employer" within the meanings of sections 3(5) and 515 of ERISA. 29 U.S.C. §§ 1002(5) and 1145. Defendant is and was an employer engaged in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act. 29 U.S.C. § 185.

10.     Further, upon information and belief, defendant executed a CBA with the UNION wherein, *inter alia*, defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the FUNDS and remit dues checkoffs deducted from the wages paid employees who authorize said deductions in writing to the UNION for all work performed by defendant's employees within the trade and geographical jurisdictions of the UNION.

3

<u>AS AND FOR A FIRST CLAIM FOR RELIEF</u>

(FUNDS' CLAIM FOR BREACH OF CONTRACT
BY DEFENDANT)

11.    Plaintiff FUNDS repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 10 of this Complaint with the same force and effect as though the same were set forth at length herein.

12.    At all relevant times, upon information and belief, defendant was in a collective bargaining relationship with LOCAL 12A and is therefore bound by the terms and conditions of the applicable CBAs and trust indentures entered into between the parties.

13.    The applicable CBAs and trust indentures require, *inter alia*, that an employer submit its books and records for inspection and audit to the FUNDS' Auditors, Accountants, or other representatives of the FUNDS in order to confirm that fringe benefit contributions and union dues owed to LOCAL 12A and the FUNDS are paid in full.

14.    Upon information and belief, defendant's employees, who are and/or were participants in the FUNDS, performed work governed by the collective bargaining agreement on behalf of defendant for the period October 1, 2005 through September 30, 2008. As a result, defendant was obligated to make fringe benefit contributions to the FUNDS on behalf of these employees.

15.    An audit of defendant's books and records revealed that defendant owed the FUNDS $33,148.60, as and for additional fringe benefit contributions, for the period October 1, 2005 through September 30, 2008.

16.    Although all the fringe benefit contributions have been duly demanded, defendant has failed to pay this amount in full; only part of the fringe benefits contractually due

4

to the FUNDS, $550.40 has been accounted for by defendants.

17.    Accordingly, defendant is liable to the FUNDS as and for fringe benefit contributions in the amount of $32,598.20 for the period October 1, 2005, through September 30, 2008.

18.    Defendant's failure, refusal and neglect to make payment of the fringe benefit contributions due to the FUNDS constitute a violation of the CBA between defendant and the UNION, to which FUNDS are third-party beneficiaries.

19.    In addition, defendant is liable to the FUNDS for interest on the unpaid and/or untimely paid principal, together with liquidated damages, attorneys' fees, costs and disbursements incurred in this action.

## AS AND FOR A SECOND CLAIM FOR RELIEF

### (FUNDS' CLAIM FOR BREACH OF ERISA OBLIGATIONS BY DEFENDANT)

20.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21.    Section 515 of ERISA requires that employers pay fringe benefit contributions in accordance with the terms and conditions of CBAs. 29 U.S.C. § 1145.

22.    Upon information and belief, at all times material hereto, defendant failed to pay or timely pay and/or submit the required monetary contributions and/or reports to the FUNDS. Such failure constitutes a violation of §§ 515 of ERISA. 29 U.S.C. § 1145.

23.    Section 502 of ERISA provides that, upon finding an employer violated section 515 of ERISA, 29 U.S.C. § 1145, a court shall award a plaintiff-fund the unpaid fringe

benefit contributions, statutory liquidated damages, interest on the unpaid and/or untimely paid principal, computed at the rate provided for under the plaintiff-fund's plan or, if none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621, reasonable attorneys' fees, costs and disbursements incurred in the action.  29 U.S.C. § 1132.

24.    Pursuant to section 502 of ERISA, defendant is liable to the FUNDS for the payment and/or submission of the required monetary contributions and/or reports and is liable for additional statutory liquidated damages, reasonable attorneys' fees, interest on the unpaid and/or untimely paid principal, costs and disbursements incurred in this action.  29 U.S.C. § 1132.

## AS AND FOR A THIRD CLAIM FOR RELIEF

### (PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF AGAINST DEFENDANT)

25.    The FUNDS and LOCAL 12A repeat and reallege each and every allegation contained in paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26.    Pursuant to the provisions of both ERISA and the Agreement, defendant is required to timely pay and/or submit fringe benefit contributions, union dues deductions and/or reports to the plaintiffs for so long as defendant remains obligated to do so pursuant to the Agreement.

27.    Upon information and belief, defendant has failed to timely pay and/or submit fringe benefit contributions and union dues to the plaintiffs for the period October 1, 2005 through September 30, 2008 and is currently in breach of its statutory obligations under ERISA and contractual obligations under the CBA.  Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach its aforementioned obligations.

28.     The plaintiffs have no adequate remedy at law to ensure that defendant will adhere to its statutory and contractual obligations.

29.     The plaintiffs will suffer immediate and irreparable injury unless defendant's officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions, dues and/or reports to the plaintiffs for so long as defendant remains obligated to do so pursuant to the Agreement.

30.     Accordingly, the plaintiffs request this Court issue an injunction permanently enjoining defendant's officers, agents, servants, employees and all persons in active concert or participation with them, who receive notice of the order by personal service or otherwise, from violating ERISA and the Agreement by failing, refusing or neglecting to pay and/or submit the required contributions, dues and/or reports to the plaintiffs.


## AS AND FOR A FOURTH CLAIM FOR RELIEF

### (FUNDS' CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO ERISA AGAINST DEFENDANT)

31.     The FUNDS repeat and reallege each and every allegation contained in paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

32.     Pursuant to the provisions of both ERISA and the Agreement, defendant is required to timely pay and/or submit fringe benefit contributions and/or reports to the FUNDS for so long as defendant remains obligated to do so pursuant to the Agreement.

33.     Upon information and belief, defendant has failed to timely pay and/or submit fringe benefit contributions to plaintiff FUNDS for the period October 1, 2005 through September 30, 2008 and is currently in breach of its statutory obligations under ERISA.

Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach the aforementioned statutory provisions.

34.    The plaintiffs have no adequate remedy at law to ensure that defendant will continue to adhere to its statutory obligations.

35.    The plaintiffs will suffer immediate and irreparable injury unless defendant's officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the plaintiffs for so long as defendant remains obligated to do so pursuant to ERISA and the Agreement.

36.    Accordingly, the FUNDS request this Court issue an injunction permanently enjoining defendant's officers, agents, servants, employees and all persons in active concert or participation with them, who receive notice of the order by personal service or otherwise, from violating ERISA by failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the plaintiffs.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

### (UNION'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT PURSUANT TO THE LMRA)

37.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

38.    Pursuant to the Agreement, defendant, *inter alia*, became obligated to deduct dues checkoffs from the wages paid to defendant's employees who perform work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing.

8

39.    An audit of defendant's books and records revealed that defendant owed the UNION $8,440.78 as and for additional union dues checkoffs deducted during the period October 1, 2005 through September 30, 2008.

40.    Although all unremitted dues checkoffs have been duly demanded, only part of the dues checkoffs contractually due to plaintiff's FUNDS, $150.40, has been accounted for by defendant.

41.    Accordingly, defendant is liable to the UNION as and for unremitted dues checkoffs in the amount of $8,390.38 due for the period October 1, 2005, through September 30, 2008.

42.    Defendant's failure, refusal and/or neglect to submit the deducted dues checkoffs within the contractual time frame constitutes a breach of the CBA between defendant and the UNION in violation of the LMRA.

43.    In addition, defendant is liable to the UNION for interest on the unremitted dues, attorneys' fees, liquidated damages, costs and disbursements due on the untimely paid principal.

## AS AND FOR A SIXTH CLAIM FOR RELIEF

### (FUNDS' CLAIM FOR BREACH OF CONTRACT
### BY DEFENDANT)

44.    The FUNDS repeat and reallege each and every allegation contained in paragraphs 1 through 43 of this Complaint, as if fully set forth herein.

45.    At all relevant times, upon information and belief, defendant was in a collective bargaining relationship with LOCAL 12A and is therefore bound by the terms and

9

conditions of the application CBAs and trust indentures entered into between the parties.

46.     The applicable CBAs and trust indentures require, *inter alia*, that an employer submit its books and records for inspection and audit to the FUNDS' Auditors, Accountants, or other representatives in order to confirm that fringe benefit contributions and union dues owed to LOCAL 12A and the FUNDS are paid in full.

47.     An audit of defendant's books and records revealed that defendant owed the FUNDS $9,635.88, as and for additional fringe benefit contributions, for the period January 1, 2010, through December 31, 2010.

48.     Although all the fringe benefit contributions have been duly demanded, defendant has failed to pay this amount in full; only part of the fringe benefits contractually due to the FUNDS, $163.80 has been accounted for by defendants

49.     Defendant's failure, refusal and neglect to make payment of the fringe benefit contributions due to the FUNDS constitute a violation of the CBA between defendant and the UNION, to which FUNDS are third-party beneficiaries.

50.     Accordingly, defendant is liable to the FUNDS as and for all fringe benefit contributions in the amount of $9,472.08 for the period of January 1, 2010 through December 31, 2010.

51.     In addition, defendant is liable to the FUNDS for interest on the unpaid and/or untimely paid principal, together with liquidated damages, attorney's fees, costs and disbursements incurred in this action.

## AS AND FOR A SEVENTH CLAIM FOR RELIEF

### (FUNDS' CLAIM FOR BREACH OF ERISA OBLIGATIONS BY DEFENDANT)

52.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53.     Section 515 of ERISA requires that employers pay fringe benefit contributions in accordance with the terms and conditions of CBAs.  29 U.S.C. § 1145.

54.     Upon information and belief, at all times material hereto, defendant failed to pay or timely pay and/or submit the required monetary contributions and/or reports to the FUNDS.  Such failure constitutes a violation of section 515 of ERISA.  29 U.S.C. § 1145.

55.     Section 502 of ERISA provides that, upon finding an employer violated section 515 of ERISA, 29 U.S.C. § 1145, a court shall award a plaintiff-fund the unpaid fringe benefit contributions, statutory liquidated damages, interest on the unpaid and/or untimely paid principal, computed at the rate provided for under the plaintiff-fund's plan or, if none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621, reasonable attorneys' fees, costs and disbursements incurred in the action.  29 U.S.C. § 1132.

56.     Pursuant to §§ 502 of ERISA, defendant is liable to the FUNDS for the payment and/or submission of the required monetary contributions and/or reports and is liable for additional statutory liquidated damages, reasonable attorneys' fees, interest on the unpaid and/or untimely paid principal, costs and disbursements incurred in this action.  29 U.S.C. § 1132.

## AS AND FOR A EIGHTH CLAIM FOR RELIEF

### (PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF
### AGAINST DEFENDANT)

57.     The FUNDS and LOCAL 12A repeat and reallege each and every allegation contained in paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58.     Pursuant to the terms and conditions of the Agreement, defendant is required to timely pay and/or submit fringe benefit contributions, union dues deductions and/or reports to the plaintiffs for so long as defendant remains obligated to do so pursuant to the Agreement.

59.     Upon information and belief, defendant has failed to timely pay and/or submit fringe benefit contributions and union dues to the plaintiffs for the period January 1, 2010, through December 31, 2010, and is currently in breach of its obligations under ERISA and contractual obligations under the CBA. Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach the terms of the Agreement.

60.     The plaintiffs have no adequate remedy at law to ensure that defendant will adhere to its statutory and contractual obligations.

61.     The plaintiffs will suffer immediate and irreparable injury unless defendant's officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions, dues and/or reports to the plaintiffs for so long as defendant remains obligated to do so pursuant to the Agreement.

62.     Accordingly, the plaintiffs request this Court issue an injunction permanently enjoining defendant's officers, agents, servants, employees and all persons in active concert or participation with them, who receive notice of the order by personal service or

otherwise, from violating ERISA and the Agreement by failing, refusing or neglecting to pay and/or submit the required contributions, dues and/or reports to the plaintiffs.

## AS AND FOR A NINTH CLAIM FOR RELIEF

### (FUNDS' CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO ERISA AGAINST DEFENDANT)

63.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64.   Pursuant to the provisions of ERISA and the Agreement, defendant is required to timely pay and/or submit fringe benefit contributions and/or reports to the FUNDS for so long as defendant remains obligated to do so pursuant to the Agreement.

65.   Upon information and belief, defendant has failed to timely pay and/or submit fringe benefit contributions to the FUNDS for the period January 1, 2010, through December 31, 2010 and is currently in breach of its statutory obligations under ERISA. Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach the aforementioned statutory provisions.

66.   The FUNDS have no adequate remedy at law to insure that defendant will continue to adhere to its statutory obligations.

67.   The FUNDS will suffer immediate and irreparable injury unless defendant's officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the FUNDS for so long as defendant remains obligated to do so pursuant to ERISA and the Agreement.

68.   Accordingly, the FUNDS request this Court issue an injunction

permanently enjoining defendant's officers, agents, servants, employees and all persons in active concert or participation with them, who receive notice of the order by personal service or otherwise, from violating ERISA by failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the FUNDS.

### AS AND FOR A TENTH CLAIM FOR RELIEF

(UNION'S CLAIM FOR BREACH OF CONTRACT
BY DEFENDANT PURSUANT TO THE LMRA)

69.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 68 of this Complaint, as if fully set forth herein.

70.     Pursuant to the Agreement, defendant, *inter alia*, became obligated to deduct dues checkoffs from the wages paid to defendant's employees who perform work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing.

71.     An audit of defendant's books and records revealed that defendant owed the UNION $1,996.50 as and for additional union dues checkoffs deducted during the period January 1, 2010, through December 31, 2010.

72.     Although all the union checkoffs have been duly demanded, defendant has failed to pay this amount in full; only part of the union dues checkoffs contractually due to the FUNDS, $36.00 has been accounted for by defendants.

73.     Accordingly, defendant is liable to the UNION as and for unremitted dues checkoffs in the amount of $1,960.50 due for the period January 1, 2010, through December 31, 2010.

74.     Defendant's failure, refusal and/or neglect to submit the deducted dues

14

checkoffs within the contractual time frame constitutes a breach of the CBA between defendant and the UNION in violation of the LMRA.

75.     In addition, defendant is liable to the UNION for interest on the unremitted dues, attorney's fees, liquidated damages, costs and disbursements due on the untimely paid principal.

AS AND FOR A ELEVENTH CLAIM FOR RELIEF

(FUNDS' CLAIM FOR BREACH OF CONTRACT
BY DEFENDANT)

76.     The FUNDS repeat and reallege each and every allegation contained in paragraphs 1 through 75 of this Complaint, as if fully set forth herein.

77.     At all relevant times, upon information and belief, defendant was in a collective bargaining relationship with LOCAL 12A and is therefore bound by the terms and conditions of the application CBAs and trust indentures entered into between the parties.

78.     The applicable CBAs and trust indentures require, *inter alia*, that an employer submit its books and records for inspection and audit to the FUNDS' Auditors, Accountants, or other representatives of the FUNDS in order to confirm that fringe benefit contributions and union dues owed to LOCAL 12A and the FUNDS are paid in full.

79.     Upon information and belief, defendant's employees, who are and/or were participants in the FUNDS, performed work governed by the collective bargaining agreement on behalf of defendant for the period January 1, 2011 through December 31, 2011. As a result, defendant was obligated to make fringe benefit contributions to the FUNDS on behalf of these employees.

15

80.     An audit of defendant's books and records revealed that defendant owed the FUNDS $68,916.25, as and for additional fringe benefit contributions, for the period January 1, 2011 through December 31, 2011.   Subsequently it was determined that of this amount $52,099.25 is due and owing.

81.     Although all the fringe benefit contributions have been duly demanded, none of the fringe benefits contractually due to the FUNDS, has been paid by defendants.

82.     Accordingly, defendant is liable to the FUNDS as and for fringe benefit contributions in the amount of $52,099.25 for the period January 1, 2011, through December 31, 2011.

83.     Defendant's failure, refusal and neglect to make payment of the fringe benefit contributions due to the FUNDS constitute a violation of the CBA between defendant and the UNION, to which FUNDS are third-party beneficiaries.

84.     In addition, defendant is liable to the FUNDS for interest on the unpaid and/or untimely paid principal, together with liquidated damages, attorney's fees, costs and disbursements incurred in this action.


### AS AND FOR A TWELFTH CLAIM FOR RELIEF

#### (FUNDS' CLAIM FOR BREACH OF ERISA OBLIGATIONS BY DEFENDANT)

85.     Plaintiffs' repeat and reallege each and every allegation contained in paragraphs 1 through 84 of this Complaint as if fully set forth herein.

86.     Section 515 of ERISA requires that employers pay fringe benefit contributions in accordance with the terms and conditions of CBAs.  29 U.S.C. § 1145.

87.     Upon information and belief, at all times material hereto, defendant failed to pay or timely pay and/or submit the required monetary contributions and/or reports to the FUNDS. Such failure constitutes a violation of section 515 of ERISA. 29 U.S.C. § 1145.

88.     Section 502 of ERISA provides that, upon finding an employer violated section 515 of ERISA, 29 U.S.C. § 1145, a court shall award a plaintiff-fund the unpaid fringe benefit contributions, statutory liquidated damages, interest on the unpaid and/or untimely paid principal, computed at the rate provided for under the plaintiff-fund's plan or, if none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621, reasonable attorneys' fees, costs and disbursements incurred in the action. 29 U.S.C. § 1132.

89.     Pursuant to section 502 of ERISA, defendant is liable to the FUNDS for the payment and/or submission of the required monetary contributions and/or reports and is liable for additional statutory liquidated damages, reasonable attorneys' fees, interest on the unpaid and/or untimely paid principal, costs and disbursements incurred in this action. 29 U.S.C. § 1132.

## AS AND FOR A THIRTEENTH CLAIM FOR RELIEF

### (PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF
### AGAINST DEFENDANT)

90.     The FUNDS and LOCAL 12A repeat and reallege each and every allegation contained in paragraphs 1 through 89 of this Complaint as if fully set forth herein.

91.     Pursuant to the terms and conditions of the Agreement, defendant is required to timely pay and/or submit fringe benefit contributions, union dues deductions and/or reports to the plaintiffs for so long as defendant remains obligated to do so pursuant to the

Agreement.

92.     Upon information and belief, defendant has failed to timely pay and/or submit fringe benefit contributions and union dues to the plaintiffs for the period January 1, 2011 through December 31, 2011, and is currently in breach of its obligations under ERISA and contractual obligations under the CBA. Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach the terms of the Agreement.

93.     The plaintiffs have no adequate remedy at law to ensure that defendant will adhere to its statutory and contractual obligations.

94.     The plaintiffs will suffer immediate and irreparable injury unless defendant's officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions, dues and/or reports to the plaintiffs for so long as defendant remains obligated to do so pursuant to the Agreement.

95.     Accordingly, the plaintiffs request this Court issue an injunction permanently enjoining defendant's officers, agents, servants, employees and all persons in active concert or participation with them, who receive notice of the order by personal service or otherwise, from violating ERISA and the Agreement by failing, refusing or neglecting to pay and/or submit the required contributions, dues and/or reports to the plaintiffs.


<u>AS AND FOR A FOURTEENTH CLAIM FOR RELIEF</u>

(FUNDS' CLAIM FOR INJUNCTIVE RELIEF PURSUANT
TO ERISA AGAINST DEFENDANT)

96.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 95 of this Complaint as if fully set forth herein.

97.     Pursuant to the provisions of ERISA and the Agreement, defendant is required to timely pay and/or submit fringe benefit contributions and/or reports to the FUNDS for so long as defendant remains obligated to do so pursuant to the Agreement.

98.     Upon information and belief, defendant has failed to timely pay and/or submit fringe benefit contributions to the FUNDS for the period January 1, 2011 through December 31, 2011, and is currently in breach of its statutory obligations under ERISA. Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach the aforementioned statutory provisions.

99.     The FUNDS have no adequate remedy at law to insure that defendant will continue to adhere to its statutory obligations.

100.    The FUNDS will suffer immediate and irreparable injury unless defendant's officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the FUNDS for so long as defendant remains obligated to do so pursuant to ERISA and the Agreement.

101.    Accordingly, the FUNDS request this Court issue an injunction permanently enjoining defendant's officers, agents, servants, employees and all persons in active concert or participation with them, who receive notice of the order by personal service or otherwise, from violating ERISA by failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the FUNDS.

AS AND FOR A FIFTEENTH CLAIM FOR RELIEF

(UNION'S CLAIM FOR BREACH OF CONTRACT
BY DEFENDANT PURSUANT TO THE LMRA)

102.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 101 of this Complaint, as if fully set forth herein.

103.    Pursuant to the Agreement, defendant, *inter alia*, became obligated to deduct dues checkoffs from the wages paid to defendant's employees who perform work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing.

104.    An audit of defendant's books and records revealed that defendant owed the UNION $12,504.00 as and for additional union dues checkoffs deducted during the period January 1, 2011 through December 31, 2011.   Subsequently, it was determined that of this amount, $9,492.00 is due and owing.

105.    Although all unremitted dues checkoffs have been duly demanded, none of the dues checkoffs contractually due to plaintiff's FUNDS, has been paid for by defendant.

106.    Accordingly, defendant is liable to the UNION as and for unremitted dues checkoffs in the amount of $9,492.00 due for the period January 1, 2011, through December 31, 2011.

107.    Defendant's failure, refusal and/or neglect to submit the deducted dues checkoffs within the contractual time frame constitutes a breach of the CBA between defendant and the UNION in violation of the LMRA.

108.    In addition, defendant is liable to the UNION for interest on the unremitted dues, attorneys' fees, liquidated damages, costs and disbursements due on the untimely paid principal.

20

AS AND FOR A SIXTEENTH CLAIM FOR RELIEF

(FUNDS' CLAIM FOR BREACH OF CONTRACT
BY DEFENDANT)

109.     Plaintiff FUNDS repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 108 of this Complaint with the same force and effect as though the same were set forth at length herein.

110.     At all relevant times, upon information and belief, defendant was in a collective bargaining relationship with LOCAL 12A and is therefore bound by the terms and conditions of the applicable CBAs and trust indentures entered into between the parties.

111.     The applicable CBAs and trust indentures require, *inter alia*, that an employer submit its books and records for inspection and audit to the FUNDS' Auditors, Accountants, or other representatives of the FUNDS in order to confirm that fringe benefit contributions and union dues owed to LOCAL 12A and the FUNDS are paid in full.

112.     Upon information and belief, defendant's employees, who are and/or were participants in the FUNDS, performed work governed by the collective bargaining agreement on behalf of defendant for the period January 1, 2012 through December 31, 2012. As a result, defendant was obligated to make fringe benefit contributions to the FUNDS on behalf of these employees.

113.     An audit of defendant's books and records revealed that defendant owed the FUNDS $22,649.25, as and for additional fringe benefit contributions, for the period January 1, 2012 through December 31, 2012.

114.     Although all the fringe benefit contributions have been duly demanded, defendant has failed to pay this amount in full; and the FUNDS have been damaged in the

amount of $22,649.25.

115.    Defendant's failure, refusal and neglect to make payment of the fringe benefit contributions due to the FUNDS constitute a violation of the CBA between defendant and the UNION, to which FUNDS are third-party beneficiaries.

116.    Accordingly, defendant is liable to the FUNDS as and for all fringe benefit contributions in the amount of $22,649.25 for the period of January 1, 2012 through December 31, 2012.

117.    In addition, defendant is liable to the FUNDS for interest on the unpaid and/or untimely paid principal, together with liquidated damages, attorneys' fees, costs and disbursements incurred in this action.

### AS AND FOR A SEVENTEENTH CLAIM FOR RELIEF

### (FUNDS' CLAIM FOR BREACH OF ERISA OBLIGATIONS BY DEFENDANT)

118.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 117 of this Complaint as if fully set forth herein.

119.    Section 515 of ERISA requires that employers pay fringe benefit contributions in accordance with the terms and conditions of CBAs.  29 U.S.C. § 1145.

120.    Upon information and belief, at all times material hereto, defendant failed to pay or timely pay and/or submit the required monetary contributions and/or reports to the FUNDS.  Such failure constitutes a violation of  §§ 515 of ERISA.  29 U.S.C. § 1145.

121.    Section 502 of ERISA provides that, upon finding an employer violated

section 515 of ERISA, 29 U.S.C. § 1145, a court shall award a plaintiff-fund the unpaid fringe benefit contributions, statutory liquidated damages, interest on the unpaid and/or untimely paid principal, computed at the rate provided for under the plaintiff-fund's plan or, if none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621, reasonable attorneys' fees, costs and disbursements incurred in the action.  29 U.S.C. § 1132.

122.    Pursuant to section 502 of ERISA, defendant is liable to the FUNDS for the payment and/or submission of the required monetary contributions and/or reports and is liable for additional statutory liquidated damages, reasonable attorneys' fees, interest on the unpaid and/or untimely paid principal, costs and disbursements incurred in this action.  29 U.S.C. § 1132.


## AS AND FOR A  EIGHTEENTH CLAIM FOR RELIEF

### (PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF AGAINST DEFENDANT)

123.    The FUNDS and LOCAL 12A repeat and reallege each and every allegation contained in paragraphs 1 through 122 of this Complaint as if fully set forth herein.

124.    Pursuant to the provisions of both ERISA and the Agreement, defendant is required to timely pay and/or submit fringe benefit contributions, union dues deductions and/or reports to the plaintiffs for so long as defendant remains obligated to do so pursuant to the Agreement.

125.    Upon information and belief, defendant has failed to timely pay and/or submit fringe benefit contributions and union dues to the plaintiffs for the period January 1, 2012 through December 31, 2012 and is currently in breach of its statutory obligations under ERISA

and contractual obligations under the CBA. Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach its aforementioned obligations.

126.    The plaintiffs have no adequate remedy at law to ensure that defendant will adhere to its statutory and contractual obligations.

127.    The plaintiffs will suffer immediate and irreparable injury unless defendant's officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions, dues and/or reports to the plaintiffs for so long as defendant remains obligated to do so pursuant to the Agreement.

128.    Accordingly, the plaintiffs request this Court issue an injunction permanently enjoining defendant's officers, agents, servants, employees and all persons in active concert or participation with them, who receive notice of the order by personal service or otherwise, from violating ERISA and the Agreement by failing, refusing or neglecting to pay and/or submit the required contributions, dues and/or reports to the plaintiffs.

## AS AND FOR A NINETEENTH CLAIM FOR RELIEF

### (FUNDS' CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO ERISA AGAINST DEFENDANT)

129.    The FUNDS repeat and reallege each and every allegation contained in paragraphs 1 through 128 of this Complaint, as if fully set forth herein.

130.    Pursuant to the provisions of both ERISA and the Agreement, defendant is required to timely pay and/or submit fringe benefit contributions and/or reports to the FUNDS for so long as defendant remains obligated to do so pursuant to the Agreement.

131.    Upon information and belief, defendant has failed to timely pay and/or

submit fringe benefit contributions to plaintiff FUNDS for the period January 1, 2012 through December 31, 2012 and is currently in breach of its statutory obligations under ERISA. Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach the aforementioned statutory provisions.

132. The plaintiffs have no adequate remedy at law to ensure that defendant will continue to adhere to its statutory obligations.

133. The plaintiffs will suffer immediate and irreparable injury unless defendant's officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the plaintiffs for so long as defendant remains obligated to do so pursuant to ERISA and the Agreement.

134. Accordingly, the FUNDS request this Court issue an injunction permanently enjoining defendant's officers, agents, servants, employees and all persons in active concert or participation with them, who receive notice of the order by personal .service or otherwise, from violating ERISA by failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the plaintiffs.


## AS AND FOR A TWENTIETH CLAIM FOR RELIEF

### (UNION'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT PURSUANT TO THE LMRA)

135. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 134 of this Complaint, as if fully set forth herein.

136. Pursuant to the Agreement, defendant, *inter alia*, became obligated to

deduct dues checkoffs from the wages paid to defendant's employees who perform work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing.

137.   An audit of defendant's books and records revealed that defendant owed the UNION $5,247.00 as and for additional union dues checkoffs deducted during the period January 1, 2012 through December 31, 2012.

138.   Although all union dues checkoffs have been duly demanded, defendant has failed to pay any part of this amount; the UNION has been damaged in the amount of $5,247.00.

139.   Defendant's failure, refusal and/or neglect to submit the deducted dues checkoffs within the contractual time frame constitutes a breach of the CBA between defendant and the UNION in violation of the LMRA.

140.   In addition, defendant is liable to the UNION for interest on the unremitted dues, attorneys' fees, liquidated damages, costs and disbursements due on the untimely paid principal.

**WHEREFORE**, plaintiff FUNDS and plaintiff UNION demand judgment:

(a)   against defendant for payment of all past due fringe benefits fund contributions in the amounts of: $32,598.20 for the period October 1, 2005 through September 30, 2008, with accrued interest;

(b)   against defendant for payment of all past due fringe benefits fund contributions in the amounts of: $9,472.08 for the period January 1, 2010 through December 31, 2010, with accrued interest;

(c)   against defendant for payment of all past due fringe benefits fund contributions in the amounts of: $52,099.25 for the period January 1, 2011 through December 31, 2011, with accrued interest;

(d)   against defendant for payment of all past due fringe benefits fund

26

contributions in the amounts of: $22,649.25 for the period January 1, 2012 through December 31, 2012, with accrued interest;

(e)    against defendant for remittance of all deducted dues checkoffs in the amounts of: $8,290.38 for the period October 1, 2005 through September 30, 2008, with accrued interest;

(f)    against defendant for remittance of all deducted dues checkoffs in the amounts of: $1,960.50 for the period January 1, 2010, through December 31, 2010, with accrued interest;

(g)    against defendant for remittance of all deducted dues checkoffs in the amounts of: $9,492.00 for the period January 1, 2011 through December 31, 2011, with accrued interest;

(h)    against defendant for remittance of all deducted dues checkoffs in the amounts of: $5,247.00 for the period January 1, 2012 through December 31,2012, with accrued interest;

( i )    against defendant for payment of all contributions and interest on unpaid contributions which became due for the periods: October 1, 2005, through September 30, 2008, for the period  January  1, 2010 through December 31, 2010, for the period of January 1, 2011 through December 31, 2011 and for the period of January 1, 2012 through December 31, 2012 in accordance with ERISA

(h)    against defendant for accrued prejudgment interest on all contributions in accordance with ERISA § 502(g)(2);

(i)    against defendant for statutory damages on all contributions now due, liquidated damages, reasonable attorneys' fees, costs and disbursements in accordance with ERISA § 502(g)(2);

(j)    against defendant for the reasonable costs and attorneys' fees incurred in bringing this action;

(k)    for an Order permanently enjoining defendant, its officers, agents, servants, employees, successors, assigns, representatives, directors, officers, and all persons in active concert or participation with them, who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to plaintiffs, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, to plaintiffs FUNDS, and from failing to remit deducted dues checkoffs to plaintiff UNION for so long as they are obligated to do so

pursuant to the Agreement;

(l)     for an Order permanently enjoining defendant, its officers, agents, servants, employees, successors, assigns, representatives, directors, officers, and all persons in active concert or participation with them, who receive notice of the order by personal service or otherwise for so long as it remains obligated to contribute to plaintiff FUNDS, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports in accordance with ERISA and the Agreement;

**AND** for such other and further relief as the Court deems just and proper.

Dated: December 18, 2013
        New York, New York

                                        Respectfully Submitted,
                                        **KOEHLER & ISAACS LLP**

                        By:

                                        Cynthia Devasia (CD-0320)
                                        *Attorneys for Plaintiffs*
                                        KOEHLER & ISAACS LLP
                                        61 Broadway - 25th Floor
                                        New York City, New York 10006
                                        Tel: (917) 551-1300

TO:  CLERK
     Southern District of New York
     United States Courthouse
     500 Pearl Street
     New York, New York 10007